UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-61702-CIV-GAYLES/STRAUSS

RON HENCEY, *et al.*,

    Plaintiffs,

v.

UNITED AIRLINES, INC., *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court upon Plaintiffs' Petition for a Temporary Restraining Order (the "Motion") [ECF No. 1]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion shall be denied.

## **BACKGROUND**

According to the allegations in the Motion, on August 6, 2021, Defendant United Airlines, Inc. ("United") announced a vaccine mandate for its employees. [ECF No. 1 ¶ 19]. The mandate requires all employees to receive a Covid-19 vaccine no later than five weeks after FDA vaccine approval or five weeks after September 20, 2021. Employees who have not been vaccinated by October 25, 2021, will be terminated. Plaintiffs are a group of eighteen United pilots who oppose the vaccine mandate.

On August 14, 2021, Plaintiffs initiated this action by filing the Motion.[1] [ECF No. 1 ¶ 1].

---

[1] The Motion names seven Defendants: United, United States Department of Transportation; Pete Buttigieg, in his official capacity as Secretary of the United States Department of Transportation; United States Department of Labor; Martin J. Walsh, in his official capacity as Secretary of the United States Department of Labor; Federal Aviation Administration; and Steve Dickson, in his official capacity as administration of the Federal Aviation Administration.

Plaintiffs ask the Court to issue an emergency temporary restraining order ("TRO") for the "immediate cessation" of United's vaccine mandate and to enjoin other airline companies from issuing vaccine mandates until "the science/medicine is more fully developed and better understood." *Id.*

## DISCUSSION

### A. Plaintiffs Fail to Comply with Local Rule 7.1(d)(1)

In the opening paragraph of the Motion, Plaintiffs allege that "[t]his matter is one of **national security** that warrants the Court's immediate attention, intervention, and the issuance of an emergency temporary restraining order . . . ." [ECF No. 1 ¶ 1] (emphasis in original). The Motion, however, is not an emergency and fails to comply with the Local Rules for the Southern District of Florida.

Local Rule 7.1(d)(1) requires the filer seeking emergency action to include the words "Emergency Motion" in the title of the motion. S.D. Fla. L.R. 7.1(d)(1). In addition, the filer must certify that the matter is actually an emergency with this language:

> After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

*Id.* Plaintiffs did not include the words "Emergency Motion" in the title of their pleading, and Plaintiffs' counsel failed to include the requisite certification in the Motion.

More importantly, this is not an emergency as defined by the Local Rules. "Generally, unless a motion will become moot if not ruled on within seven (7) days, the motion should not be filed as an emergency motion." *Id.* Plaintiffs allege that United is mandating that its employees be

2

vaccinated no later than five weeks after the FDA approval of the vaccines or five weeks after September 20, 2021, and that United will terminate employees who are not vaccinated by October 25, 2021. [ECF No. 1 ¶ 19]. Accordingly, the Motion will not be moot in seven days. Indeed, the Motion will not be moot in seven weeks. As a result, it is not an emergency.

### B.  Without an Operative Complaint, the Motion Must be Denied.

Plaintiffs filed the Motion seeking injunctive relief but did not file a complaint. "Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." *Powell v. Rios*, 241 F. App'x 500, 505 n. 4 (10th Cir. 2007). A complaint is required because "injunctive relief must relate in some fashion to the relief requested in the complaint." *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005). *See also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."); *P.K. Family Rest. v. IRS*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) ("Absent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief.").[2]

Plaintiffs have not filed a complaint, and the Motion itself reads like a shotgun pleading. Plaintiffs reference their rights under the Constitution and several federal statues without explaining with any level of particularity their claims or how each Defendant has violated Plaintiffs' rights.

---

[2] In the Motion, Plaintiffs state that they have satisfied all "obligations" for the Court to issue a TRO and cite three cases for the position that "it is not necessary that the pleadings be perfected, or even that a complaint be filed, before the order issues." [ECF No. 1 ¶ 26] (quoting *Nat'l Organization for Reform of Marijuana Laws v. Mullen*, 608 F. Supp. 945, 950 n. 5 (N.D. Cal. 1985)). However, the cited cases do not support a finding that the Court can rule on Plaintiffs' Motion without a properly filed complaint framing their claims. Indeed, in *Studebaker v. Gittlin*, 360 F.2d 692, 694 (2d Cir. 1966), the court treated an affidavit filed with the motion for injunctive relief as a complaint. While Plaintiffs here filed the affidavits of two doctors, neither affidavit sets forth legal claims for relief such that the Court can treat them as an operative complaint. In *United States v. Lynd*, 301 F.2d 818, 823 (5th Cir. 1962), the Fifth Circuit simply held that an answer to the plaintiff's complaint was not required before preliminary injunctive relief could be granted. Similarly, in *Mullen*, plaintiffs had also filed a complaint. 608 F. Supp. at 950. Accordingly, the cases Plaintiffs rely on here are entirely distinguishable.

Without an operative complaint, the Court cannot determine whether Plaintiffs have a substantial likelihood of success on the merits of any claims. *See Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (holding that to obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest."). Accordingly, the Motion must be denied.[3]

## CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Petition for a Temporary Restraining Order [ECF No. 1] is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of August, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

3 Even if Plaintiffs had filed a complaint setting forth specific claims for relief, it is unlikely that Plaintiffs would be able to establish a substantial likelihood of success on the merits. The Northern District of Indiana recently denied a motion for preliminary injunction seeking to enjoin Indiana University from enforcing a Covid-19 vaccine mandate for students. *Klassen v. Trustees of Indiana Univ.*, No. 1:21-CV-238 DRL, 2021 WL 3073926 (N.D. Ind. July 18, 2021). The Seventh Circuit affirmed, *Klassen v. Trustees of Indiana*, No. 21-2326, 2021 WL 3281209 (7th Cir. Aug. 2, 2021), and on August 12, 2021, Supreme Court Justice Amy Coney Barrett denied the plaintiffs' Emergency Application for Writ of Injunction related to Indiana University's vaccine mandate. *See In re Ryan Klaassen, et al.*, Case No. 21A15 (Aug. 2, 2021). It is also unlikely that Plaintiffs would be able to meet their burden of establishing irreparable harm. If Plaintiffs are terminated for failing to get vaccinated and United's actions are later deemed to have violated Plaintiffs' rights, then Plaintiffs can be made whole with monetary damages—just like in any other employment dispute. This, however, is a discussion for another day.